UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

OSCAR PAVON-AGUIAR,

Petitioner,

v.

WARDEN, CALIFORNIA CITY IMMIGRATION PROCESSING CENTER,

Respondent.

No. 1:26-cv-06823-DAD-JDP (HC)

ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER WITHOUT PREJUDICE AND DENYING MOTION TO EXPEDITE PROCEEDINGS

(Doc. Nos. 2, 7)

On August 26, 2026, petitioner's proceeding *pro se*, filed his second petition for writ of habeas corpus and a motion for temporary restraining order. (Doc. Nos. 1, 2.) That same day, the matter was re-assigned to the undersigned.[1] (Doc. No. 4.) On November 9, 2026, petitioner filed a motion to expedite proceedings. (Doc. No. 7.) On November 10, 2026, the court set a briefing schedule as to petitioner's motion for temporary restraining order and directed respondents to address whether any provision of law or fact in this case would distinguish it from the circumstances addressed in several cited prior cases that this court has decided. (Doc. No. 8.) In addition, the court temporarily enjoined petitioner's transfer or removal in order to maintain the

[1] The undersigned apologizes to the parties for the delay in the issuance of this order. Due to an administrative oversight, the undersigned was unaware of the order reassigning the case until petitioner's recent motion to expedite.

status quo pending the court's forthcoming order resolving petitioner's motion for temporary restraining order. (*Id.*)

On November 11, 2026, respondent filed an opposition to the pending motion. (Doc. No. 9.) Therein, respondent states that an immigration judge ("IJ") granted petitioner voluntary departure and alternatively ordered petitioner removed if he failed to voluntarily depart from the United States by September 8, 2026. (*Id.*) Respondent further states that petitioner failed to voluntarily depart by that deadline. (*Id.*) Respondent argues that, because petitioner failed to voluntarily depart the United States by the September 8, 2026 deadline, petitioner is now subject to the 90-day mandatory detention period pursuant to 8 U.S.C. § 1231(a)(2). (*Id.* at 1–2.) Respondent has offered evidence that, on July 8, 2026, an IJ issued an order granted petitioner post-conclusion voluntary departure, with a deadline to depart by September 8, 2026, and alternatively ordering petitioner removed to Cuba if he failed to leave the United States by that deadline. (Doc. No. 9-2 at 4.) Petitioner waived his right to appeal the IJ's order. (*Id.* at 7.)

Section 1231 of the Immigration and Nationality Act provides that noncitizens shall be detained for 90 days from the date that an order of removal becomes final. 8 U.S.C. § 1231(a)(2). Here, petitioner was granted voluntary departure and alternatively ordered removed if he failed to depart by the September 8, 2026. (Doc. No. 9-2 at 4.) Because petitioner did not voluntarily depart by that deadline and did not appeal the IJ's order, the court concludes that petitioner's removal order became final on or around September 9, 2026 and that he presently remains subject to the 90-day mandatory detention period pursuant to § 1231(a)(2). *Gregorio v. Warden*, No. 2:26-cv-00657-JLT-SKO, 2026 WL 810004, at *1–2 (E.D. Cal. Mar. 24, 2026) (concluding that a petitioner was subject to the 90-day mandatory detention period once the voluntary departure period ended and an alternative order of removal entered into effect). For these reasons, the court is unable to conclude that petitioner's detention is unlawful at this time. In addition, petitioner

/////

/////

/////

/////

has failed to show a likelihood of success on the merits of his petition as would be required for him to be entitled to preliminary relief.[2]

For the reasons explained above,

1. Petitioner's motion for temporary restraining order (Doc. No. 2) is DENIED without prejudice to its renewal if his detention were to become prolonged;
2. Petitioner's motion to expedite proceedings (Doc. No. 7) is DENIED as moot; and
3. The petition for writ of habeas corpus (Doc. No. 1) is referred to the assigned magistrate judge for further proceedings.

IT IS SO ORDERED.

Dated: **November 18, 2026**

Dale A. Drozd
DALE A. DROZD
UNITED STATES DISTRICT JUDGE

---

[2] The court observes that petitioner filed a motion to reopen removal proceedings which remains pending before the immigration court as of November 18, 2026. (Doc. No. 7 at 10); EOIR Automated Case Information, https://acis.eoir.justice.gov/en/caseInformation, (searching by petitioner's A-File Number and nationality). Because the motion remains pending, his removal order is still final. *Cifuentes-Garcia v. Raycraft*, No. 1:26-cv-02207, 2026 WL 2434943, at *1–2 (W.D. Mich. Aug. 20, 2026) (concluding that petitioner remained subject to 8 U.S.C. § 1231 while his motion to reopen remained pending).